# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**RODNEY CRAIG MOUNTJOY,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　**Case No.  4:19cv606-AW-MAF**

**CHRISTOPHER EDELEN, and the
DEPARTMENT OF CORRECTIONS,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, has filed a fourth amended civil rights complaint [hereinafter "complaint"]. ECF No. 47.  Prior orders have explained in detail what Plaintiff must do to present a viable complaint. The most recent Order gave Plaintiff explicit directions, *see* ECF No. 44, which included providing a statement of facts "which show how the named Defendant was involved in any incident about which he complains." *Id.*  The fourth amended complaint has been reviewed as required by 28 U.S.C. § 1915A to determine if Plaintiff corrected those deficiencies and has state a claim.

Having conducted that review, it appears that Plaintiff is either unwilling or unable to submit a viable claim against Defendant Edelen. The complaint lacks <u>any</u> factual allegations which state what that Defendant did or did not do. ECF No. 47 at 5-11.

Instead, the complaint provides rambling statements concerning unrelated events and issues which are unconnected in time, location, or to an identifiable person. There are no facts alleged which demonstrate that Plaintiff's constitutional rights have been violated. Furthermore, Plaintiff has continued to assert "due process" claims for such matters as a "fraudulent plea," an inaccurate F.D.L.E. report, and an illegal sentence. ECF No. 47 at 5-6. Plaintiff complains about mail issues, state court decisions in his Rule 3.800 motion, and advice from a law clerk concerning his appeal. *Id.* at 6-7. Those issues are unconnected to any specific person and, moreover, they have no connection to Defendant Edelene.

Plaintiff also complains about E.K.G.'s and provides unintelligible assertions which appear to concern a heart issue and the exchange of a defibrillator. *Id.* at 8-11. However, the facts are incoherent and fail to state a claim.

Plaintiff has also named the Department of Corrections as a Defendant. However, that state agency is not a "person" which may be sued under 42 U.S.C. § 1983. <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58, 64-71, 109 S.Ct. 2304, 2308-11, 105 L.Ed.2d 45 (1989). In addition, no facts are alleged which demonstrate a basis for a claim against the Department.

Because it does not appear that providing Plaintiff with any further opportunities to amend would be beneficial, this case should now be dismissed for failure to state a claim. Plaintiff has been provided numerous chances to submit a viable complaint and given directions in a multitude of orders. *See* ECF Nos. 22, 25, 33, 35, 37, 40, and 44. Those should have been sufficient. Thus, this case should now be dismissed.

It is respectfully **RECOMMENDED** that Plaintiff's fourth amended complaint, ECF No. 47, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of

Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on February 24, 2021.

 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:19cv606-AW-MAF